UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALDEZ S. REA,

       Petitioner,                      Case No. 1:08-CV-238

v.                                           Hon. Robert J. Jonker

CINDI CURTIN,

       Respondent.
_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

This matter is before the Court on the Magistrate Judge's Report and Recommendation (docket # 6) recommending dismissal of Petitioner's habeas petition as time barred. Petitioner filed objections (docket # 7). When a party objects to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *See also* 28 U.S.C. § 636(b)(1)(C) (Lexis through P.L. 110-180). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After de novo review in this case, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Petitioner's habeas corpus petition be denied because it is time barred. Plaintiff objects that his petition should be treated as timely because it would be timely if the United States Supreme Court had not issued its decision in *Lawrence v. Florida*, 127 S. Ct. 1079 (2007). Among other things, *Lawrence* held that tolling under § 2244(d)(2) did not apply to the prospect or pendency of a petition for *certiorari* to the United States Supreme Court from a final decision of the State's highest court. Petitioner correctly points out that this decision effectively overruled the decision of the Sixth Circuit in *Abela v. Martin*, 348 F.3d 164 (2003), but this does not save Petitioner's claim. The Supreme Court decided *Lawrence* on February 20, 2007, over a year before Petitioner filed this action, and while Petitioner was still pursuing post-conviction relief in the state courts. The Michigan Supreme Court denied Petitioner's application on December 28, 2007, ten months after the *Lawrence* decision. At the time, even under *Lawrence*, Petitioner still had 37 days left to file a timely habeas application in federal court. He failed to do so.

Petitioner does not expressly raise the issue of equitable tolling. If he had, it would not be warranted on the facts of this case. To demonstrate a basis for equitable tolling, Petitioner would have to demonstrate that he was diligently pursuing his right to file a petition for a writ of habeas corpus, and that some extraordinary circumstance stood in his way of doing so in a timely way. *See, Lawrence*, 127 S. Ct. at 1085 ("To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."). Nothing in the record of this case suggests a basis for believing Petitioner could meet this burden, even if he actually asserted it. This is not a case, like *Henderson v. Luoma*, 2008 WL 5046414 (6th Cir. Nov. 26, 2008), in which the Petitioner filed a

timely petition under *Abela* before the Supreme Court rule in *Lawrence*. Rather, in this case, Petitioner had notice of the *Lawrence* rule and time to comply with it, and simply failed to do so. This does not provide a basis for equitable tolling. *Cf. Sudberry v. Warden*, 2009 WL 275418 (S.D. Ohio Feb. 4, 2009) (holding that *Abela* does not warrant equitable tolling for a habeas petition that was time barred under both pre-*Abela* Sixth Circuit precedent effective at the time of initial filing, and under the *Lawrence* rule because Petitioner could not reasonably have relied on *Abela* to his detriment).

### *Certificate of Appealability*

Before Petitioner may appeal the Court's dismissal of his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A) (Lexis through P.L. 110-180); FED. R. APP. P. 22(b)(1). Thus the Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); FED. R. APP. P. 22(b)(1); In re *Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the petitioner must demonstrate that reasonable jurists could "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)).

When a district court rejects a habeas petition on the merits, the required "substantial showing" is "straightforward: The petitioner must demonstrate that reasonable jurists would find

3

the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. But when a district court denies a habeas claim on procedural grounds without addressing the claim's merits, the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). If the district court invokes a plain procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

The Court is denying Petitioner's petition on the plain procedural ground of statute of limitations without addressing the claim's merits. The Court is invoking a plain procedural bar to dispose of the case, and Petitioner cannot make the required substantial showing because "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 6) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus is denied because it is barred by the one-year statute of limitations; and

2. A certificate of appealability is denied.


Dated:  February 27, 2009            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE

4